523 S.E.2d 846

**Emmanuel BANKS, Plaintiff
Below, Appellant,**

v.

**George TRENT, Defendant
Below, Appellee.**

**No. 26499.**

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 3, 1999.

Decided Nov. 22, 1999.

Wendelyn A. Campbell, Esquire, Assistant Public Defender, Gregory L. Ayers, Esquire,

Deputy Public Defender, Charleston, West Virginia, Attorneys for the Appellant.

Darrell V. McGraw, Jr., Attorney General, David P. Cleek, Esquire, Senior Deputy Attorney General, Charleston, West Virginia, Attorneys for the Appellee.

PER CURIAM:

In this appeal, Emmanuel Banks, who is confined in the state penitentiary, claims that the Circuit Court of Ohio County erred in denying him habeas corpus relief without granting him a hearing to develop the evidence on his claims and without making appropriate findings of fact and conclusions of law. In his habeas corpus petition, the appellant had claimed that he had been denied effective assistance of counsel during his criminal trial and that the trial judge had made prejudicial comments to the jury.

## I.

### FACTS

The documents filed in this case show that, after an extensive jury trial, the Circuit Court of Ohio County sentenced the appellant to 36 years in the state penitentiary for aggravated robbery, and to from one to ten years for unlawful assault. The two sentences were set to run consecutively. The appellant appealed his conviction to this Court, and on October 28, 1995, this Court refused to grant the appeal.

On November 17, 1997, the appellant filed a habeas corpus petition instituting the present proceeding in the Circuit Court of Ohio County. In the petition, the appellant claimed that he had not received effective assistance of counsel during his criminal trial and that the trial judge had made prejudicial comments to the jury. In addition to filing the petition, the appellant moved that the judge of the Circuit Court of Ohio County, who was scheduled to hear the habeas corpus petition, be recused. On May 11, 1998, this Court refused to grant the recusal motion.

Subsequently, on July 8, 1998, without conducting an evidentiary hearing, the judge of the Circuit Court of Ohio County summarily denied the appellant's habeas corpus claim.

In the order denying habeas corpus relief, the judge stated:

It appearing to the Court that a cognizable claim has not been stated within the Petition, it is hereby

ORDERED that the Writ of Habeas Corpus be and the same is hereby denied.

In the present proceeding, the appellant claims that he should be allowed to develop the evidence on his habeas corpus claims and that the circuit court erred in failing to make appropriate findings of fact and conclusions of law.

## II.

### DISCUSSION

The West Virginia act dealing with post-conviction habeas corpus relief, W. Va.Code 53–4A–1, *et seq.,* details the procedures which should be followed by a court in handling a post-conviction habeas corpus matter. The act does not require that the judge considering the petition always grant a full hearing. Instead, it provides:

If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought.

W. Va.Code 53–4A–7(a).

The portion of the act dealing with resolution of the case does, however, contemplate that specific findings of fact and conclusions of law be made by the presiding judge. The statute specifically states:

(c) When the court determines to deny or grant relief, as the case may be, the

court shall enter an appropriate order with respect to the conviction or sentence in the former criminal proceedings and such supplementary matters as are deemed necessary and proper to the findings in the case.... In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

W. Va.Code 53–4A–7(c).

In *State ex rel. Watson v. Hill,* 200 W.Va. 201, 488 S.E.2d 476 (1997), this Court examined W. Va.Code 53–4A–7(c), and concluded in Syllabus Point 1 that:

> West Virginia Code section 53–4A–7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined.

In the *Watson* case, the circuit court made findings of fact which stated:

> Upon consideration of the petition for habeas corpus the court is of the opinion that the allegations are entirely without merit and that good cause for the filing thereof and appointment of counsel has not been shown.
>
> Accordingly, the requests to file the petition and to appoint new counsel are hereby DENIED.

After examining these findings and conclusions, we concluded in *State ex rel. Watson v. Hill, id.,* that they were legally insufficient, and we also stated that our review of the circuit court's order denying habeas corpus relief was hindered by the circuit court's failure to articulate reasons for the denial of the relief sought by the relator. The findings of fact and conclusions of law made by the circuit court in the present case were even more brief than those made by the Court in *State ex rel. Watson v. Hill, id.*

Although we cannot state that the trial court committed reversible error in failing to conduct a full hearing in the present case, the circuit court rather clearly did not make specific findings of fact and conclusions of law relating to each contention advanced by the relator and did not clearly state the grounds on which the matter was determined as required by W. Va.Code 53–4A–7(c). The circuit court also failed to state whether a federal or state right was presented and decided. In light of all of this, this Court believes that the circuit court failed to make the legally mandated findings of fact and conclusions of law and that, in line with the holding in *State ex rel. Watson v. Hill, supra,* the decision of the circuit court should be reversed and remanded with directions that the circuit court make the necessary findings and conclusions.

The judgment of the Circuit Court of Ohio County is, therefore, reversed and this case is remanded with directions that the circuit court make the findings of fact and conclusions of law mandated by W. Va.Code 53–4A–7(c) and *State ex rel. Watson v. Hill, supra.*

Reversed and remanded with directions.

Justice SCOTT did not participate in the decision in this case.

Judge JOHNSON sitting by temporary assignment.

Justice McGRAW dissents.