# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 13-0149** (Ohio County 01-F-66)

**Mitchell Coles, Defendant Below,**
**Petitioner**

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mitchell Coles' *pro se* appeal arises from the Circuit Court of Ohio County's January 29, 2013 order denying his motion for correction of sentence. The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion for correction of sentence made pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure because Ohio County was an improper venue for his prosecution, his sentence violates the proscription against double jeopardy, and the circuit court failed to address the merits of his motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

As a result of unrelated criminal convictions in both Marion and Monongalia County, petitioner was sentenced to an aggregate term of incarceration of three to thirty years in 1999. While incarcerated at Huttonsville Correctional Center, petitioner was involved in a fraudulent scheme to obtain college correspondence materials. Based upon these allegations, the Department of Corrections ("DOC") charged petitioner with eighteen Class I violations, each predicated upon the individual fraudulent checks petitioner mailed to the college correspondence programs. In September of 2000, petitioner was afforded a disciplinary hearing, after which he was found guilty of all eighteen violations. As a result, petitioner received nine months punitive segregation, a loss of all privileges, and two years and two months loss of good time credit.

Thereafter, petitioner was indicted in Ohio County during the May 2001 term of court of one count of fraudulent schemes and one count of conspiracy based upon his actions while incarcerated. On July 31, 2001, after entering a guilty plea to one count of fraudulent schemes, petitioner was sentenced to a term of incarceration of one to ten years, said sentence to run consecutively to those he was already serving. Petitioner thereafter sought reconsideration of the

1

sentence by filing several motions pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. These motions were all denied. On February 21, 2012, petitioner sought correction of his allegedly illegal sentence by filing a motion pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. Petitioner argued that Ohio County was an improper venue for his prosecution and that his punishment by the DOC and his subsequent criminal sentence for the same conduct constituted a violation of his protection against double jeopardy. This motion was denied by order entered on January 29, 2013, and it is from this order that petitioner appeals.

We have previously held as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, the Court finds no error in the denial of petitioner's motion for correction of sentence. First, it is clear that petitioner's protection against double jeopardy was not violated when he was disciplined by the DOC and criminally prosecuted for the same acts. While petitioner attempts to differentiate his case from our prior holdings by arguing that the DOC sanctions constitute punishment and therefore prevent punitive criminal prosecution, we disagree. This Court has previously held that "[p]rison disciplinary action against an inmate, for conduct for which he or she was criminally prosecuted, does not violate the Double Jeopardy Clauses of Article III, Section 5 of the West Virginia Constitution and the Fifth Amendment to the United States Constitution." Syl. Pt. 4, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Further, the Court does not find petitioner's reliance on *U.S. v. Halper*, 490 U.S. 435, 109 S.Ct. 1892 (1989), persuasive. In that case, the United States Supreme Court found that the government was prevented from imposing a civil penalty of more than $130,000 when the defendant's actions only resulted in a loss of $585 and he had previously been convicted criminally for the same actions. *Id.* at 452, 109 S.Ct. at 1904. *Halper* clearly presents a different scenario than the instant matter, wherein petitioner was convicted criminally and also received sanctions from the DOC for his violation of the institution's rules. West Virginia Code § 28-5-27 provides for the accumulation of good time credit, and subsection (f) grants the Commissioner of Corrections the power to promulgate rules that, if broken, will result in a loss of good time credit. That subsection also provides wardens or superintendents discretion in restoring any lost good time credit, with the commissioner's approval.

We have previously held that ". . . the accumulation of good time is dependent upon the prisoner's behavior or 'good conduct' while incarcerated." *State ex rel. Gordon v. McBride*, 218 W.Va. 745, 749, 630 S.E.2d 55, 59 (2006) (citing *State ex rel. Valentine v. Watkins*, 208 W.Va. 26, 32, 537 S.E.2d 647, 653 (2000)). Further, "[i]n addition to encouraging rehabilitation, it

2

rewards the obedient." *Id.* (citing *State ex rel. Valentine v. Watkins*, 208 W.Va. 26, 32, 537 S.E.2d 647, 653 (2000); *Woodring v. Whyte*, 161 W.Va. 262, 275, 242 S.E.2d 238, 246 (1978)). As such, it is clear that the warden at Huttonsville Correctional Center had the discretion to revoke petitioner's good time credit for his conduct while incarcerated, and the same does not prevent later criminal prosecution for the same acts.

Second, the Court finds no merit in petitioner's argument that Ohio County was an improper venue for his criminal proceedings. West Virginia Code § 62-8-3 states that "[a]ll criminal proceedings against convicts in the custody of the Commissioner of Corrections shall be in the circuit court in the county where the crime is committed." While petitioner argues that he should have been tried in Randolph County because he was incarcerated there during the commission of the underlying crimes, the Court finds no merit in this argument. West Virginia Code § 61-11-12 states that "[w]hen an offense is committed partly in one county and partly in one or more other counties within this State, it may be alleged that the offense was committed and the accused may be tried in any one county in which any substantial element of the offense occurred." The record shows that one of petitioner's co-conspirators in the fraudulent scheme was a resident of Ohio County and used her telephone to facilitate the scheme. As such, it is clear that the crimes with which petitioner was charged took place in more than one county and that venue in Ohio County was proper.

Finally, petitioner has provided no authority that requires the circuit court to make specific findings of fact or conclusions of law as to his specific claims in the order denying his motion. As such, there is no actionable error on the circuit court's part for an alleged failure to include such findings and the Court finds no merit in petitioner's allegation that this Court is prevented from meaningful appellate review because of the circuit court's order. We further find no merit in petitioner's argument that the order evidences a failure by the circuit court to address the merits of petitioner's motion.

For the foregoing reasons, the circuit court's January 29, 2013 order denying petitioner's motion for correction of sentence is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3