# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Brian K. Markley,**
**Plaintiff Below, Petitioner**

**vs.) No. 19-0683** (Berkeley County 18-C-429)

**West Virginia Division of Corrections and**
**Rehabilitation, and West Virginia Board of Parole,**
**Respondents Below, Respondents**

**FILED**
**September 23, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brian K. Markley, self-represented litigant, appeals the June 27, 2019, order of the Circuit Court of Berkeley County denying his "petition to correct parole eligibility." The West Virginia Board of Parole ("Board"), by counsel Keith D. Fisher, filed a response in support of the circuit court's order. The West Virginia Division of Corrections and Rehabilitation did not respond.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial, petitioner was found guilty of two counts of first-degree sexual assault, one count of malicious assault, and one count of attempted second-degree murder. In April of 1992, petitioner was sentenced to two indeterminate fifteen-to-twenty-five-year terms of incarceration for the first-degree sexual assault convictions; one two-to-ten-year term of incarceration for the malicious assault conviction; and a one-year term of incarceration for the attempted second-degree murder conviction. The circuit court ordered that petitioner's sentences be served consecutively. Petitioner's effective sentencing date was December 25, 1991.

In December of 2018, petitioner filed a pro se petition for a writ of habeas corpus. As his sole ground for relief, he alleged that his constitutional right to due process was being violated as the West Virginia Division of Corrections and the West Virginia Board of Parole "[r]efuse[d] to

1

"[r]ecognize" his correct parole eligibility date.[1] The circuit court appointed counsel for petitioner in February of 2019, who assisted petitioner in filing a petition to correct his parole eligibility in May of 2019. The petition alleged that the Board had incorrectly set petitioner's parole eligibility date as December 25, 2023. According to the petition, petitioner's first sexual assault sentence was "discharged on June 14, 2004"; the second sexual assault sentence was "discharged on December 13, 2016"; and the malicious wounding sentence "should be a two[-]to[-]ten[-]year term." Petitioner then concluded, without citing any relevant authority, that he was eligible for parole in December of 2018, or twenty-seven years after his sentencing date. As relief, petitioner requested that the circuit court "issue an [o]rder directing the West Virginia Parole Board to recognize [his] correct [p]arole [e]ligibility date."

Later in May of 2019, the Board filed a motion to intervene and to dismiss petitioner's petition to correct parole eligibility. It explained that, in order to be eligible for parole, an inmate is required to serve the minimum term of the sentence imposed, pursuant to West Virginia Code § 62-12-13(b)(1)(A). Further, for an inmate serving consecutive sentences, as in petitioner's case, "the time of parole eligibility shall be computed by adding together the minimum terms of the sentences." 92 C.S.R. § 1-4.1.a.1. The Board asserted that petitioner's aggregate thirty-two-to-sixty-year sentence began on December 25, 1991, and he would not be eligible for parole until December 25, 2023. Finally, the Board noted that factoring in potential "good time" credits, petitioner could discharge his sixty-year sentence in thirty years, which would be two years earlier than his scheduled parole date or December 25, 2021.

The circuit court granted the Board's motion to intervene, found that petitioner failed to state a claim for relief, and granted the motion to dismiss by its June 27, 2019, order. Petitioner now appeals this order.

On appeal, petitioner styled his brief as an "original jurisdiction petition for writ of habeas corpus." However, petitioner filed a notice of appeal challenging the circuit court's order and requests reversal of that order as relief. Accordingly, we treat petitioner's filing as an appeal of a denial of a petition for a writ of mandamus to correct parole eligibility, rather than a petition for writ of habeas corpus. *See* Syl. Pt. 8, *Nobles v. Duncil*, 202 W. Va. 523, 505 S.E.2d 442 (1998) ("Mandamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made.") (internal citation omitted). The standard of review for a circuit court's decision to grant or deny a writ of mandamus is de novo. Syl. Pt. 2, *Wiseman Const. Co., Inc. v. Maynard C. Smith Const. Co., Inc.*, 236 W. Va. 351, 779 S.E.2d 893 (2015).

> "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence

---

[1]Notably, petitioner has previously filed a petition for writ of habeas corpus on the same grounds. The Berkeley County Circuit Court denied petitioner's prior petition, and this Court affirmed that decision in 2011. *See Markley v. W. Va. Bd. of Parole*, No. 11-0412, 2011 WL 8197534 (W. Va. Oct. 25, 2011) (memorandum decision).

of another adequate remedy." Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969).

Syl. Pt. 1, *State ex rel. Billings v. City of Point Pleasant*, 194 W. Va. 301, 460 S.E.2d 436 (1995).

Petitioner argues that his parole eligibility date has been incorrectly set by the Board. According to petitioner, his fifteen-to-twenty-five-year sentences have an actual minimum period of time of twelve-and-one-half years, rather than fifteen years. He argues that he discharged his two first-degree sexual assault sentences in December of 2016 and should be eligible for parole after serving the two-year minimum term for the malicious assault conviction. He further argues that the circuit court erred in denying his petition without first holding a hearing. Upon our review, we find petitioner is entitled to no relief on appeal.

We have held that "'[a] person convicted of a crime shall be considered for parole only after he becomes eligible therefor under the appropriate statute.' Syl. Pt. 2, *State v. Lindsey*, 160 W.Va. 284, 233 S.E.2d 734 (1977)." Syl. Pt. 2., *State ex rel. Gordon v. McBride*, 218 W. Va. 745, 630 S.E.2d 55 (2006). Pursuant to West Virginia Code § 62-12-13(b)(1), an inmate "is eligible for parole if he or she . . . [h]as served the minimum term of his or her indeterminate sentence or has served one fourth of his or her definite term sentence" among other requirements. Further, for an inmate serving consecutive sentences "the time of parole eligibility shall be computed by adding together the minimum terms of the sentences." 92 C.S.R. § 1-4.1.a.1. In petitioner's case, the minimum term of incarceration is the sum of two fifteen-year terms and one two-year term, or thirty-two years. As asserted by the Board during the proceeding below and again on appeal, petitioner is required to serve thirty-two years of incarceration before he can be eligible for parole. Petitioner's effective sentencing date was in December of 1991. Thus, his parole eligibility date is correctly set for December of 2023. Petitioner has failed to demonstrate a clear legal right to an earlier parole eligibility date, and we find no error in the circuit court's denial of his petition to correct his parole eligibility date.

For the foregoing reasons, the circuit court's June 27, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: September 23, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison