**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Rocky H. Williams,**
**Petitioner Below, Petitioner**

**vs)   No. 19-1010** (Marshall County 19-C-208)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

# MEMORANDUM DECISION

Self-represented petitioner Rocky H. Williams appeals the September 25, 2019, order of the Circuit Court of Marshall County denying his second petition for writ of habeas corpus challenging his prison disciplinary convictions. Respondent Karen Pszczolkowski, Superintendent, Northern Correctional Facility, by counsel Katherine M. Smith, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a prisoner in the custody of the West Virginia Division of Corrections and Rehabilitation ("DCR") at the Northern Correctional Facility ("NCF"). According to petitioner, he is serving a sentence of fifty years of incarceration for second-degree murder and first-degree robbery. In October of 2016, following a prison disciplinary hearing, petitioner was convicted of "trafficking," in violation of disciplinary rule 1.11 of DCR policy directive 325.00, and "trading or selling," in violation of disciplinary rule 1.23. Petitioner was sanctioned with a loss of privileges and a term of punitive segregation from October 14, 2016, to February 11, 2017, and the loss of

1

180 days of "good time" credit for satisfactory conduct.[1] Pursuant to disciplinary rule 5.01, respondent approved the loss of petitioner's "good time" credit. Following the exhaustion of his administrative appeals, petitioner filed his first petition for a writ of habeas corpus in the Circuit Court of Marshall County challenging his prison disciplinary convictions. In addition to raising other claims, petitioner argued that the loss of his "good time" unconstitutionally lengthened his criminal sentence. The circuit court appointed habeas counsel and held a hearing on August 15, 2017. By order entered on August 23, 2017, the circuit court dismissed petitioner's first petition, finding that there was no cause to believe that petitioner was entitled to any relief regarding his prison disciplinary convictions.

In *Williams v. Pszczolkowski*, No. 17-0844, 2019 WL 2499404 (W. Va. June17, 2019) (memorandum decision), petitioner, as a self-represented litigant, appealed the dismissal of his first habeas petition.[2] In *Williams*, petitioner argued that (1) his disciplinary convictions were violative of his right to due process of law; (2) inadmissible evidence was used at his disciplinary hearing; (3) his disciplinary convictions were supported by insufficient evidence; and (4) the loss of 180 days of his "good time" credit was improper. *Id.* at *2-5. This Court rejected petitioner's arguments and affirmed the dismissal of the first habeas petition. *Id.*

On August 21, 2019, petitioner filed his second habeas petition, challenging his prison disciplinary convictions, in the circuit court. Petitioner argued that, had his habeas counsel been effective, petitioner would have proved the claims set forth in his first petition. Petitioner asked for the restoration of the 180 days of "good time" credit lost as a result of his disciplinary convictions. By order entered on September 25, 2019, the circuit court denied petitioner's second habeas petition, finding that any alleged deficiency of habeas counsel was irrelevant given that the claims in the first petition were without merit.

Petitioner now appeals the circuit court's September 25, 2019, order denying his second habeas petition challenging his prison disciplinary convictions. We review the circuit court's order under the following standard:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of

---

[1] In *State ex rel. Gordon v. McBride*, 218 W. Va. 745, 630 S.E.2d 55 (2006), we found that "the accumulation of good time is dependent upon the prisoner's behavior or 'good conduct' while incarcerated." *Id.* at 749, 630 S.E.2d at 59. At the time of our decision in *Gordon*, the statute governing "good time" credit was codified at West Virginia Code § 28-5-27. Now codified at West Virginia Code § 15A-4-17, the statute maintains the requirement that the prisoner must exhibit good conduct to earn "good time" credit.

[2] We take judicial notice of the record in *Williams v. Pszczolkowski*, No. 17-0844, 2019 WL 2499404 (W. Va. June17, 2019) (memorandum decision).

law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

The standards for evaluating ineffective assistance claims are as follows:

"In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

. . . .

In deciding ineffective of [sic] assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

Syl. Pts. 1 & 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).[3]

On appeal, petitioner repeats the claim set forth in his second habeas petition: had his habeas counsel been effective, petitioner would have proved the claims in his first habeas petition. Respondent counters that the circuit court properly found that any alleged deficiency of habeas counsel did not prejudice petitioner because there was no possibility of relief on any of the claims in the first petition. We agree with respondent given our decision in *Williams*, where we rejected the claims from petitioner's first habeas petition. 2019 WL 2499404, at *2-5. In petitioner's second habeas petition, he specifically asked for the restoration of the 180 days of "good time" credit lost as a result of his disciplinary convictions. In *Williams*, we rejected petitioner's argument that the loss of "good time" credit unconstitutionally lengthened his criminal sentence, finding that, pursuant to the statute governing "good time" credit, "the accumulation of good time is dependent upon the prisoner's behavior or 'good conduct' while incarcerated" *Id*. at *5 (quoting *State ex rel. Gordon v. McBride*, 218 W. Va. 745, 749, 630 S.E.2d 55, 59 (2006)). Accordingly, we concluded, in *Williams*, that "[c]ommutation of time for good conduct is a right created by the Legislature" and is "not recognized as a fundamental right or a part of a constitutional freedom." *Id*. (quoting Syl. Pt. 8. *Woodring v. Whyte*, 161 W. Va. 262, 264, 242 S.E.2d 238, 240 (1978)).

---

[3]The second prong of the *Strickland/Miller* test is often referred to as the "prejudice" prong. *See State v. Hutton*, 235 W. Va. 724, 739, 776 S.E.2d 621, 636 (2015).

Petitioner further argues that, in *Williams*, we declined to address the issue of whether petitioner was improperly refused permission to call the NCF's chief of security as a witness because it was not raised before the circuit court in the first habeas proceeding.[4] Petitioner argues that, had his counsel raised this issue in the first habeas proceeding, the outcome of that proceeding would have been different. We disagree. In *Williams*, we noted that a prisoner's right to confront witnesses at a disciplinary hearing is not absolute. *Id.* at \*3 (quoting Syl. Pt. 1, *Nobles v. Duncil*, 202 W. Va. 523, 505 S.E.2d 442 (1998) (holding, in pertinent part, that, a prisoner's right to cross-examine adverse witnesses may be limited if "the hearing officer specifically finds good cause for not allowing confrontation") (Additional citation omitted.)). Furthermore, based on our review of the record of *Williams*, petitioner wanted to question the NCF's chief of security about the mailroom supervisor's alleged failure to report petitioner's misconduct as a breach of security. In *Williams*, we found that "a lapse in security procedure, even if true, did not impact on the seized evidence's admissibility in petitioner's disciplinary proceeding." *Id.* Accordingly, we concur with the circuit court's finding that any alleged deficiency of habeas counsel did not prejudice petitioner because there was no possibility of relief on any of the claims in the first petition. Therefore, we conclude that the circuit court properly denied petitioner's second habeas petition challenging his prison disciplinary convictions.

For the foregoing reasons, we affirm the circuit court's September 25, 2019, order denying petitioner's second petition for writ of habeas corpus.

Affirmed.

**ISSUED**: April 20, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[4]In *Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)), we stated that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance."