**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)   No. 21-0695** (Harrison County 13-F-82-3)

**Anthony William Cartagena,**
**Defendant Below, Petitioner**


# MEMORANDUM DECISION


Petitioner Anthony William Cartagena appeals the August 23, 2021, order of the Circuit Court of Harrison County denying his motion for correction of sentence.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

In 2012, petitioner was serving a one-year term of probation in Case Nos. 12M-1529 and 12M-1540 in lieu of two consecutive six-month sentences for assault. On October 28, 2012, petitioner attacked a woman behind a post office. The State indicted petitioner in the Circuit Court of Harrison County for attempted first-degree murder, first-degree sexual assault, assault during the commission of a felony, and first-degree robbery for stealing the victim's cell phone. Pursuant to a plea agreement, petitioner pleaded guilty to attempted first-degree murder and second-degree sexual assault, as a lesser included offense of first-degree sexual assault, in exchange for the State's dismissal of the remaining charges. The circuit court sentenced petitioner to three to fifteen years of incarceration for attempted first-degree murder and ten to twenty-five years of incarceration for second-degree sexual assault. The circuit court made petitioner's sentence for attempted first-degree murder consecutive to his sentence for second-degree sexual assault and made the sentence for second-degree sexual assault consecutive to petitioner's six-month consecutive sentences for assault in Case Nos. 12M-1529 and 12M-1540.

---

[1]Petitioner is self-represented. The State of West Virginia appears by counsel Patrick Morrisey and Andrea Nease Proper.

1

At petitioner's April 17, 2014, sentencing hearing, the State asserted that, due to petitioner's criminal conduct in the instant case, he served his consecutive six-month sentences in Case Nos. 12M-1529 and 12M-1540 following the revocation of his probation in those cases and that "[t]here *may* be some time" to be credited "because he wasn't originally incarcerated on the probation violation (emphasis added)." The circuit court directed the State to provide the court with the sentencing dates from Case Nos. 12M-1529 and 12M-1540. Accordingly, by sentencing order entered on April 22, 2014, the circuit court found that petitioner's effective sentence date in the instant case was November 1, 2013,

> thereby giving [petitioner] credit only for time served upon the charges herein as the [c]ourt ordered that the sentence imposed with regard to [petitioner]'s plea of guilty to the felony offense of [second-degree sexual assault], that being a lesser include offense of [first-degree sexual assault,] . . . be served consecutively to the sentence[s] impose[d] in [Case Nos. 12M-1529 and 12M-1540].

Petitioner did not appeal the circuit court's April 22, 2014, sentencing order.

On March 10, 2021, petitioner wrote a letter to the Circuit Clerk of Harrison County, inquiring as to whether his effective sentence date for his second-degree sexual assault sentence in the instant case was incorrect due to an alleged miscalculation of the discharge date in Case Nos. 12M-1529 and 12M-1540 given (1) uncredited time served and (2) uncredited time for good behavior ("good time credit" or "good time") during his incarceration at the North Central Regional Jail. The circuit court, by order entered on August 23, 2021, treated the letter as a motion for correction of sentence, pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure, and denied the motion.[2]

Petitioner appeals the circuit court's August 23, 2021, order denying his motion for correction of sentence. This Court has previously held as follows:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467,

---

[2]Rule 35(a) of the West Virginia Rules of Criminal Procedure provides, in pertinent part, that "[t]he court may correct an illegal sentence at any time."

194 S.E.2d 657 (1973).

On appeal, petitioner asserts that, in finding that he based his Rule 35(a) motion upon sentences he was no longer serving, the circuit misunderstood his argument, which was that the effective date for his second-degree sexual assault sentence in the instant case is erroneous due to a miscalculation of his discharge date in Case Nos. 12M-1529 and 12M-1540 given (1) uncredited time served and (2) uncredited good time. The State counters that petitioner's motion lacks merit and argues that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 1, *State ex rel. Gordon v. McBride*, 218 W. Va. 745, 630 S.E.2d 55 (2006) (quoting Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965)). We agree with the State.

Petitioner initially argues that he served ten days of incarceration that was not credited in Case Nos. 12M-1529 and 12M-1540.[3] However, in the April 22, 2014, sentencing order, the circuit court set forth a specific finding that November 1, 2013, constituted the effective date for the second-degree sexual assault sentence because petitioner was entitled to credit only for time served in the instant case.[4] We find that petitioner fails to meet his burden of showing that the circuit court's finding of the effective sentence date was erroneous.

Petitioner further argues that he was not credited with the good time he earned while serving his sentences in Case Nos. 12M-1529 and 12M-1540. West Virginia Code § 31-20-5d(c) (2001), which was in effect at the relevant time, made good time contingent upon good behavior: "Every inmate sentenced to a regional jail for a term of confinement exceeding six months who, *in the judgment of the administrator of the regional jail facility*, faithfully complies with all rules and regulations of the regional jail during his or her term of confinement is entitled to a deduction of five days from each month of his or her sentence (emphasis added)." At the April 17, 2014, sentencing hearing, the parties addressed an incident at the North Central Regional Jail, during which petitioner committed a battery upon a correctional officer. Petitioner argues that that incident did not cause a decrease in his accumulated good time. However, as the accumulation of good time pursuant to West Virginia Code § 31-20-5d(c) was contingent upon good behavior, we find that petitioner fails to show that he did not receive any good time credit that he may have earned. Therefore, we conclude that the circuit court did not err in denying petitioner's motion for correction of sentence.

---

[3] Petitioner states that he was arrested on the charges in Case Nos. 12M-1529 and 12M-1540 on May 14, 2012, and was sentenced on two charges of assault ten days later pursuant to a plea agreement.

[4] As noted by the circuit court in its August 23, 2021, order denying petitioner's motion for correction of sentence, he received 167 days of credit for time served in the instant case between his November 1, 2013, effective sentence date and the April 17, 2014, sentencing hearing.

For the foregoing reasons, we affirm the circuit court's August 23, 2021, order.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn